UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DAVID STEBBINS )
    Appellant )
VS. )
RANDALL RICHARDSON & )    Case No. 11-3639
RELIABLE HEAT & AIR, LLC )
    Appellees )
_____)

## APPELLANT BRIEFING

Comes now, *pro se* Appellant David Stebbins, who hereby submits the following appellant briefing in support of my appeal.

## TABLE OF CONTENTS

1. Table of Contents    1

2. Table of Authorities    3

3. Jurisdictional Statement    6

    A) District Court Jurisdiction    6

    B) Appellate Jurisdiction    6

    C) Timeliness    6

    D) Final Judgment    6

4. Statement of Issues    7

5. Summary of Case    8

6. Statement of Facts    9

7. Summary of Argument    11

    A) Summary of Arbitration Argument    11

    B) Summary of Argument of General Appeal    11

8. Argument    13

    A) There was no motion to vacate.    13

    B) The Defendants should have been listed in default.    14

    C) The Defendants hold the burden of proof, not me.    15

    D) The acceptance method was far from impossible.    16

E)  The Defendants were trespassing.     16

F)  Unclean hands is irrelevant because this is     18
not an action in equity.

G)  The forfeit victory clause must be decided by     19
the arbitrator.

H)  The judgment should be vacated and the case     20
remanded because Defendant repeatedly
refused to give me full discovery.

I)  The judgment should be vacated because a     20
dispute exists of a material fact.

J)  The District Court erroneously considered     21
many issues to be controverted when they
were in fact uncontroverted.

K)  The Judgment should be vacated because lack of     22
customer satisfaction is not a grounds for bona fide
occupational qualification.

L)  The Judgment should be vacated because Defendant     23
has a requirement to participate in the formulating of
an ADA accommodations package.

9.  Relief Sought     25

10. Conclusion     25

# TABLE OF AUTHORITIES

## Statutes and Rules

| STATUTE OR RULE | PAGE |
|---|---|
| 1. 9 U.S.C. § 12 | 14 |
| 2. Fed. R. Civ. P. Rule 55 | 14 |
| 3. Fed. R. Civ. P. Rule 8(b)(6) | 14 |
| 4. Fed. R. Civ. P. Rule 36(a)(3) | 21,22 |
| 5. Fed. R. Civ. P. Rule 36(a)(4) | 21 |
| 6. Fed. R. Civ. P. Rule 37(a)(4) | 21 |
| 7. MO Local Rule 7.0(d) | 14 |
| 8. Restatement (Second) of Contracts, § 24 | 17 |
| 9. Restatement (Second) of Contracts, § 69(1)(c) | 19 |

## Case Law

| NAME OF CASE | PAGE |
|---|---|
| 1. Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) | 14 |
| 2. CACV of Colorado, LLC v. Muhlhausen, 345 S.W.3d 258 (2011) | 15 |
| 3. Campbell v. Davol, Inc., 620 F.3d 887, 891 (8th Cir. 2010) | 15 |
| 4. Chevron U.S.A., Inc. v. NRDC, 467 U.S. 837 (1984) | 21 |
| 5. Clayton v. White Hall Sch. Dist., | 20 |

778 F.2d 457, 460 (8th Cir. 1985)

6.  Diaz v. Pan American World Airways,                                    22

442 F.2d 385 (5th 1971)

7.  Eichleay Corp. v. International Ass'n of Bridge,                        13

Structural & Ornamental Iron Workers,

944 F.2d 1047, 1061 (3d Cir. 1991)

8.  *Lambert v. Owens et al.*, 2002 WL 1838163, 2002 U.S. Dist.            21

LEXIS 14789, at *2 (N.D. Ill. Aug. 9, 2002)

9.  Hall Street Associates, L.L.C. v. Mattel, Inc.,                        13

552 U.S. 576, 582 (2008)

10. Marvin E. Nieberg Real Estate Co. v.                                   18

Taylor-Morley-Simon, Inc., 867 S.W.2d 618,

626 (Mo. Ct. App. 1993)

11. MBNA America Bank v. Boyce, 723 NW 2d 449                              13

- Iowa: Court of Appeals 2006

12. MBNA America Bank, N.A. v. O'Brien,                                    13

No. 21216, 2006 WL 2041478

(Ohio Ct. App. Jul 21, 2006)

13. NCO Portfolio Management, Inc. v. Gubanyar,                            13

No. 90480, 2008 WL 2932143

(Ohio Ct. App. July 31, 2008)

14. NCO Portfolio Management, Inc. v. McGill,                              13

No. 21229, 2006 WL 2041476

(Ohio Ct. App. Jul 21, 2006)

     15. Sheet Metal Workers International Association,            13

Local Union No. 36 v. Systemaire, Inc.,

241 F.3d 972 (8th Cir. 2001)

     16. Taylor v. Nelson, 788 F.2d 220,                  14

225 (4th Cir. 1986)

     17. Union Electric Company v. Southwest           18

Bell Telephone L.P.,378 F.3d 781 (8th Cir. 2004)

# JURISDICTIONAL STATEMENT

## District Court Jurisdiction

The United States District Court for the Western District of Missouri had federal question jurisdiction over the dispute, as the dispute was for employment discrimination in violation of Title I of the Americans with Disabilities Act.

## Appellate Court Jurisdiction

This Court has jurisdiction to hear appeals of final judgments from the above-named District Court.

## Timeliness

A final judgment was entered in the District Court on October 11, 2011. See Document #155 in the District Court.

A Notice of Appeal was entered by Plaintiff/Appellant on October 7, 2011 (see Document #152), after an order granting summary judgment in favor of Defendant was entered, and it was inevitable that a corresponding judgment would soon follow. This appeal is, therefore, timely.

## Final Judgment

A final judgment in this case was entered on October 11, 2011. See Document #155 in the District Court.

## STATEMENT OF ISSUES

The issues are thus:

1. The District Court erred in refusing to grant my motion to confirm the arbitration award for the following reasons:

   1. There was no motion to vacate the arbitration award, or for that matter, any timely challenge to the motion to confirm it, whatsoever.

   2. The facts and applicable law indicate the existence of an arbitration agreement.

2. The District Court erred in granting summary judgment in favor of Defendant as there were issues of material fact that were in dispute.

3. The District Court erred in finding that administrative regulations are not binding on the court.

4. I was deprived of my due process rights because I was not given full and fair discovery.

5. There is no bona fide occupational qualification in this case.

6. Defendants are required to participate in the formulating of an ADA accommodations package.

## STATEMENT OF CASE

The following is a general outline of the case.

In the month of July 2010, I filed a complaint in the United States District Court for the Western District of Missouri, alleging employment discrimination. Defendant filed its answer on November 18, 2010.

On March 25, 2011, I filed a motion to confirm an arbitration award pertaining to this employment discrimination dispute. Despite Defendant filing no motion to vacate, or any timely challenge whatsoever, the District Court denied the motion without even attempting an explanation for the denial on April 26, 2011.

On April 27, 2011, I filed an interlocutory appeal. However, this Court erroneously held that it lacked jurisdiction to hear this immediate appeal, and dismissed the action.

On October 7, 2011, the District Court granted adverse summary judgment in favor of the Defendant. A judgment pursuant to that order was entered on October 11, 2011. This timely appeal ensued.

## STATEMENT OF FACTS

The following facts pertain to my appeal of the Court order denying confirmation of the arbitration award:

1. I submitted a contract offer to Defendants, via their legal counsel. The contract contained an arbitration agreement and "forfeit victory clause," which stated that I automatically won any amount requested if they did not respond to the arbitration invitation within 24 hours.

2. The contract stated that Defendants accepted the contract if they communicate with me for any reason they are not legally required to communicate with me about.

3. Defense counsel sent me an email for a reason they were not legally required to talk to me about, triggering their acceptance to the contract.

4. I sent Defense counsel an arbitration invitation, and they did not accept it.

5. I moved to confirm the arbitration award.

6. Defendants never filed a motion to vacate the arbitration award, even to this day.

7. Defendants never made any timely challenge whatsoever to the motion to confirm the arbitration award. They filed a response in opposition to the motion, but even that was after the two week time limit they were actually allotted to file their response to the motion.

8. Despite this, the District Court denied the motion to confirm the arbitration award, and never explained why.

The following facts are material to my appeal of everything except the denial of confirmation of the arbitration award.

1. Defendants repeatedly refused to cooperate in discovery with me, only providing the

discovery documents after I had already filed motions to compel them. Despite this repeated behavior, the District Court refused to sanction them. This deprived me of the full opportunity to gather the evidence that I needed.

2. Defendants' motion for summary judgment was based on the assumption that my Asperger Syndrome, and the tactlessness that ensues from it, was hurting his business, thus constituting a bona fide occupational qualification.

3. However, I contended that Defendants had many customers who were bound by term contracts, and had to pay for these contracts whether they used them or not. If that were the case, my tactlessness would not have hurt Defendants' business, as the customers had to continue paying for the contracts.

4. Whether or not Defendants' customers had these long-term contracts was disputed between the parties.

5. Despite this material dispute, the District Court still considered the fact uncontroverted and granted summary judgment, simply because he was "not required" to consider the evidence that I intended to submit to the jury. The District Court did not say that he was legally *forbidden* from considering this evidence, only that he was not required to.

6. This appeal ensued.

## SUMMARY OF ARGUMENT

### Summary of Arbitration Argument.

The District Court order denying confirmation of the arbitration award should be reversed because...

1. The Defendants never filed a motion to vacate or modify the arbitration award, or for the matter, made any timely challenge to the arbitration award at all. Arbitration law requires the *opponent* of arbitration to be the aggressor, not the proponent.

2. Under Arbitration law, the opponent of arbitration holds the burden of proof, even on a dispute as to the existence of an arbitration agreement, and Defendant has proven nothing. Defendant claims that the acceptance method of the contract was "simply impossible" to avoid, but that is simply not true. Besides, Defendants were trespassing, making it a perfectly legitimate acceptance method.

3. Defendant claims unclean hands, but that defense does not exist when only monetary damages are at stake.

4. When the District Court realized that its original logic would not hold, the Court decided to change its story and instead attack the forfeit victory clause. Aside from that argument being completely *ex post*, it is also done without subject-matter jurisdiction, as the forfeit victory clause must be decided by the arbitrator.

### Summary of Argument of General Appeal

Arbitration issues aside, the District Court still erred and abused its discretion on a number of other things, including the following:

1. The District Court repeatedly tolerated the Defendant's intentional and bad faith attempts to dodge discovery, depriving me of the full opportunity to obtain the evidence I needed

in order to prove my case.

2.  The District Court applied a double standard in favor of the Defendants. The District Court quickly acknowledged Defendant's facts as uncontroverted, even though I was able to meet proof with proof on them, simply because the District Court was "not required" to consider my proof, even though there was nothing stopping it from considering it anyway (it's not like the evidence was wholly inadmissible). But when the District Court was faced with evidence that it was required to consider to prove the facts that I was the proponent of, the District Court simply did not acknowledge them, without even attempting an explanation as to why he did not acknowledge them. Such a thing can only be explained by a double standard.

3.  The District Court held Supreme Court case law as "not binding on this [its] Court." Do I even have to continue on that one?

4.  The District Court held that Defendant was entitled to the "bona fide occupational qualification" defense, and that Plaintiff is legally responsible for requesting a particular reasonable accommodation, when the law clearly states the exact opposite.

## ARGUMENT

I will first address my appeal of the District Court order denying confirmation of the arbitration award.

### There was no motion to vacate.

This issue is reviewable *de novo*.

The Defendants never filed a motion to vacate. They only filed a suggestion in opposition, and an untimely one at that. The Defendants in this case absolutely *must* file a motion to vacate before the court can even consider anything else. See *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("§9 carries no hint of flexibility in unequivocally telling courts that they "must" confirm an arbitral award, "unless" it is vacated or modified "as prescribed" by §§10 and 11"). See also *Sheet Metal Workers International Association, Local Union No. 36 v. Systemaire, Inc.*, 241 F.3d 972 (8ᵗʰ Cir. 2001) ("An [opponent to arbitration] may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate"). See also *Eichleay Corp. v. International Ass'n of Bridge, Structural & Ornamental Iron Workers*, 944 F.2d 1047, 1061 (3d Cir. 1991) ("the district court may not sua sponte raise a motion to vacate when a party has failed to file a timely petition"). See also *MBNA America Bank v. Boyce*, 723 NW 2d 449 - Iowa: Court of Appeals 2006. See also *MBNA America Bank, N.A. v. O'Brien*, No. 21216, 2006 WL 2041478 (Ohio Ct. App. Jul 21, 2006). See also *NCO Portfolio Management, Inc. v. Gubanyar*, No. 90480, 2008 WL 2932143 (Ohio Ct. App. July 31, 2008) ("[T]he court must grant [a motion to confirm] if a timely motion to vacate the award has not been made"). See also *NCO Portfolio Management, Inc. v. McGill*, No. 21229, 2006 WL 2041476 (Ohio Ct. App. Jul 21, 2006) (holding that a court cannot require additional evidence of the agreement to arbitrate, "particularly in the absence of any challenge."). See also

*Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the [FAA]").

Because the Defendants never filed a valid motion to vacate the award, the court should have confirmed it, straight away. Just on that alone, the order should be reversed.

Assuming that that argument fails, allow me to move onto another issue that should cause this case to be reversed and remanded, automatically.

### The Defendants should have been listed in default.

This issue is reviewable *de novo*.

The Defendants have three months to move to vacate an award (see 9 U.S.C. § 12), but only two weeks to file a suggestion in opposition to a motion. See MO Local Rule 7.0(d). When I filed my motion to confirm the arbitration award on March 25, 2011, the Defendants were given until April 11, 2011 to file a suggestion in opposition. However, they did not file a suggestion in opposition within the allotted time. Therefore, the Defendants should have been listed in default for failure to defend against the arbitration issue. See Fed. R. Civ. P. Rule 55.

If they wanted to defend themselves on the merits of the case, they should have either responded in time, or moved for Rule 60(b) relief. However, on the latter, once you have appeared in the litigation, and then disappeared, as is the case here, then Rule 60(b) relief becomes an extraordinary remedy that should only be granted in the presence of exceptional circumstances. See *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

When filing their untimely suggestion in opposition, did the Defendants provide an exceptional excuse for their lack of timeliness? Did they provide *any* excuse for their lack of timeliness?! Did they even so much as *acknowledge* their lack of timeliness?! No! They just filed the suggestion in opposition, as if they were still within the two week time limit.

Because of that, the District Court erred in ignoring my plea in paragraph one (1) of my reply suggestion, where I argued that the Defendants' suggestion in opposition should be struck as untimely.

Upon striking the suggestion in opposition, the Defendants are left without anything in defense of themselves. Combine that with the above-mentioned lack of a motion to vacate, and they should have been listed in default.

This also means that the Defendants should loose, automatically, on appeal. With the suggestion in opposition being struck as untimely, there is nothing that the Defendants can say in defense of themselves. Anything they say will officially be raised for the first time on appeal, and that is not allowed. See *Campbell v. Davol, Inc.*, 620 F.3d 887, 891 (8th Cir. 2010).

But let us assume, *arguendo*, that the suggestion in opposition was timely. It still should not help them. The reason for that is simple:

**The Defendants hold the burden of proof, not me.**

This issue is reviewable *de novo*.

The person opposing confirmation of an arbitration award bears the burden of proof, not the person seeking to confirm it. In Missouri, this applies, even when there is a dispute as to the existence of an arbitration agreement in the first place. See *CACV of Colorado, LLC v. Muhlhausen*, 345 S.W.3d 258 (2011).

In the instant case, the Defendants have proven nothing. They merely *claimed* that the acceptance method was impossible for them to not do. They provided no proof of their assertions of fact.

Because there is no evidence to support their claim that acceptance was impossible to avoid, their defense should be disregarded. But let's assume, *arguendo*, that I hold the burden of

proof. It still should not have made a difference, because...

## The acceptance method was far from impossible.

This is a dispute of fact, and thus should be reviewed for clear error.

First off, allow me to point out that, since this is only one of two of the defenses raised by the Defendants, everything else should be admitted. See Fed. R. Civ. P. Rule 8(b)(6) ("A matter is admitted if a responsive pleading is required and the matter is not denied"). Therefore, assuming that these two defenses are proven wrong (or, at the very least, not proven right, as described above), then my otherwise valid right to have this award confirmed is admitted by default.

As you can see from the District Court records, the contract was accepted by not hanging up the phone during a conversation with me on a topic which he was not legally required to communicate with me on.

Do you think that is "impossible" to not do? Is that even difficult? Of course it is not! Use your common sense! His claim that the acceptance method is impossible to avoid is simply ludicrous.

But, let us assume, arguendo, that I need something a bit more affirmative in order to qualify as an acceptance method. Well, try this one on for size:

## The Defendants were trespassing.

This issue is reviewable *de novo*, as it begs the question... do the Defendants' actions legally constitute trespassing?

In paragraphs nine (9) through twelve (12) of my brief in support of my original motion to confirm the arbitration award, I juxtaposed this issue with trespassing. Allow me to reiterate it and add some details.

It is a well-established law that you accept a contract by entering property, so long as you were notified beforehand by the property owner that your entrance signified your acceptance to that contract. In fact, it is so well-established that I do not even have to cite any specific law, because you already know that I am right about this law. The legal logic is simple: The offeree in that case is trespassing, and the property owner/contract offeror has the right to place conditions on your entrance.

In this case, the Defendants' attorney, acting in the course and scope of his role as the Defense counsel in this case, directly caused his physical likeness (specifically, his voice) to trespass into my apartment, through my phone's speaker. Later, he trespassed into my email inbox, without having any kind of legal right to do so (such as, to conduct legitimate discovery business; that would grnat him the legal right to trespass onto my email inbox, but that was not the case here).

By trespassing both into my apartment and my email inbox, the Defendants' legal representative, who has the legal capacity to enter into contracts on his clients' behalves, accepted my terms for allowing for the trespass.

Now, I know what you are probably thinking: I *invited* the trespass, so the contract offer is rendered moot. Well, first of all, I did *not* "invite" Allman's follow-up email. In fact, I specifically told him over the phone that it was not necessary. Second, an invitation to trespass does not render moot jack squat. In fact, that is what a contract offer is: An *invitation* to create a contract! See Restatement (Second) of Contracts, § 24.

By that logic, I should be able to avoid peripheral contractual provisions (such as an arbitration agreement) by claiming that the telemarketer had invited me to purchase the item. Alternatively, I could successfully argue that an email invited me to come to a website, and

therefore, the website's browse wrap agreement should not hold (a browse wrap agreement, by the way, is the unofficial term given to website terms of service that state that simply surfing the website, not creating an account with it, constitute the surfer's acceptance to the terms stated therein).

Even furthermore, a friend of mine could start a business and invite me personally to browse the store, but a sign on the store's main door states that entering the store, let alone buying anything, constitutes my acceptance to a variety of terms. Despite this, I enter anyway. Then, our friendship goes sour, and he attempts to hold me to the contract, but then I argue that his personal invitation for me to enter constituted a waiver of the terms of the sign.

One does not even have lawyer or judge to know how absurd those hypothetical scenarios are. However, that is exactly the kind of floodgates you would be opening if you held that my "invitation" constituted a waiver of the contract offer.

Upon realizing that, the acceptance method becomes a lot more straight forward. Unfortunately, the District Court never even entertained this issue. He erred in failing to do so.

I now move on to the other of the Defendants' two defenses:

## Unclean hands is irrelevant because this is not an action in equity

This issue is reviewable *de novo*.

By claiming that my motive was to "extort money" from the Defendants, the Defendants clearly accused me of having unclean hands. However, this argument fails. Unclean hands is an affirmative defense to equitable relief; it is not an affirmative defense to actions at law. See *Union Electric Company v. Southwest Bell Telephone L.P.*,378 F.3d 781 (8th Cir. 2004) ("The "clean hands" doctrine does not bar a claim for money damages"). See also *Marvin E. Nieberg Real Estate Co. v. Taylor-Morley-Simon, Inc.*, 867 S.W.2d 618, 626 (Mo. Ct. App. 1993). I was

asking the District Court to confirm an arbitration award that consisted entirely of monetary damages. Therefore, this is an action at law. Therefore, the Defendants' accusation of my unclean hands is irrelevant, even if it is true.

Next issue:

## The forfeit victory clause must be decided by the arbitrator

This issue is reviewable *de novo*.

Upon realizing that case law actually did favor me in this case, the District Court changed its story and claimed that my motion to confirm the arbitration award is still denied because the cases that I have cited had an actual arbitration award entered. This assumes that the arbitration agreement is otherwise valid.

To that end, the District Court erred in denying my third motion for reconsideration. For a legal argument, see the document that I actually filed. I would merely be repeating myself if I gave the legal argument in this briefing.

I also wish to introduce another legal authority in support of this argument. I understand that the Appellate Court does not consider arguments raised for the first time on appeal. However, this is not really an entirely new argument; it is merely an elaboration and extension of an old argument.

Assuming that the court has jurisdiction to consider the validity of the forfeit victory clause, I cite the Restatement (Second) of Contracts, § 69(1)(c), which states that acceptance can be triggered "Where because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if he does not intend to accept." The contract shown in Exhibit C of my original motion to confirm the arbitration award constitutes "previous dealings or otherwise," and the forfeit victory clause is what makes it reasonable that the offeree should have formally

objected to the liability I accused him of.

For all of these reasons, the District Court decision denying enforcement of the arbitration award should be vacated and reversed and remanded.

I now move on to my argument about the District Court's adverse grant of summary judgment:

## The judgment should be vacated and the case remanded because Defendant repeatedly refused to give me full discovery.

This issue should be reviewed for abuse of discretion.

On nine different occasions, Defendant repeatedly failed to timely respond to my discovery requests. After they had failed to do so five times, I got fed up and filed a motion for default. The District Court denied this motion without even attempting an explanation, after which, Defendant went right back to shamelessly depriving me of full discovery.

Because my due process rights were thoroughly thrashed in this case, the judgment should be reversed and remanded. I deserve a fair chance to prove my case. Defendant denied me that chance.

Furthermore, the District Court abused its discretion in denying my motion for default. See Clayton v. White Hall Sch. Dist., 778 F.2d 457, 460 (8th Cir. 1985) (holding that dismissal "is warranted... by a pattern of intentional delay by the [party] ").

## The judgment should be vacated because a dispute exists of a material fact.

This Court should review *de novo* the issue of whether or not this fact is in dispute.

It is contested between the parties whether or not Defendants' customers have long-term contracts, which would have guaranteed Defendant patronage for long enough for their customers to become accustomed to my tactlessness. Defendant refused to cooperate in my attempts to discover this information, and the District Court allowed this to happen.

The District Court never denied that this fact was in dispute. He merely claimed that he was "not required" to use the evidence that I planned to introduce. Unless he wishes to argue that the evidence is wholly inadmissible (and thus, he was not *allowed* to consider it), this does not explain why he did not consider the evidence, anyway. The Court was not even the trier of fact in this case; the jury was. Unless the evidence is wholly inadmissible, there is no telling how the *jury* may see the evidence. The District Court should have given me that chance, as well as enforced my right to full discovery.

### The District Court erroneously considered many issues to be controverted when they were in fact uncontroverted.

The District Court refused to acknowledge many facts as uncontroverted when they in fact were uncontroverted.

For starters, there are a few facts which the Defendants denied, but only because Defendants "lacked knowledge" of the facts. However, Defendants never stated that they even attempted any kind of reasonable inquiry. "The [Defendants] may assert lack of knowledge or information as a reason for failing to admit or deny <u>only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny</u>." See Fed. R. Civ. P. Rule 36(a)(4). Underlined for emphasis. A party may not "merely rely on his lack of personal knowledge when responding to requests to admit." See *Lambert v. Owens et al.*, 2002 WL 1838163, 2002 U.S. Dist. LEXIS 14789, at *2 (N.D. Ill. Aug. 9, 2002).

For this reason, these responses to requests for admissions are incomplete and evasive. "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." See Fed. R. Civ. P. Rule 37(a)(4). Therefore, because Defendants officially did not respond to these facts at all, they are admitted by default. See Fed. R. Civ. P.

Rule 36(a)(3).

The six facts that were admitted in this manner were all listed as Exhibit D to my motion for partial summary judgment. Please refer to that exhibit for details.

The District Court also denied, without explanation, my motion to amend the Rule 56(g) order and list more facts as established. I provided evidence for these facts, evidence which the District Court *is* required to consider, whereas the Defendants could not match proof with proof, and yet the District Court did not amend the list of uncontroverted facts, and never even attempted to explain why.

The Defendants attempted to retroactively have their Answer construed as a general denial, and although I picked that argument apart, systematically, the District Court apparently sided with them, abusing its discretion and going against the clear weight of the evidence.

By applying different standards to the Plaintiff and Defendant (namely, considering Defendant's facts as "established," even though I could meet proof with proof, but not doing the same for my facts when Defendant *couldn't* meet proof with proof), the District Court showed a clear bias against me. I do not know why the District Court would want to have a bias against me, but I honestly see no other explanation. The District Court abused its discretion in not holding both parties to the same standards.

### The Judgment should be vacated because lack of customer satisfaction is not a grounds for bona fide occupational qualification.

Defendant claims that my tactlessness hurt their business by offending their customers. There is a very high profile Fifth Circuit case that is very clear on this issue: Simply because customers are unsatisfied does NOT create a bona fide occupational qualification. See *Diaz v. Pan American World Airways*, 442 F.2d 385 (5th 1971).

Although that case law is not binding on this court, administrative regulations *are* binding

on this court, by way of the Supreme Court case law of *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984). To that extent, I cite the video "Ten Employment Myths" constructed by the EEOC. You can see this video at the following link:

http://www.ada.gov/videogallery.htm

Myth #9 makes it abundantly clear that simply being uncomfortable is <u>not</u> a reason to reject an applicant that is otherwise qualified. Defendant's BFOQ defense simply fails to state a claim upon which relief can be granted.

**The Judgment should be vacated because Defendant has a requirement to participate in the formulating of an ADA accommodations package.**

Defendant claims that I am not entitled to recovery because I did not request the proper accommodations. However, Defendant has a duty to participate in the formulating of an ADA accommodations package.

Once again, deferring to administrative regulations, using the *Chevron* precedent, please follow this link: http://eeoc.gov/facts/accommodation.html In it, you will find the following information:

---------------------------------------------------------------------------------------------------------

### Requesting Reasonable Accommodation

1. How must an individual request a reasonable accommodation?

   The individual must let the employer know that s/he needs an adjustment or change at work for a reason related to a medical condition. An individual may use "plain English" and need not mention the ADA or use the phrase "reasonable accommodation." Requests for reasonable accommodation do not need to be in writing, though an employer may choose to write a memorandum or letter confirming the request.

2. What must an employer do after receiving a request for reasonable accommodation?

   When the **disability and/or the need for accommodation is not obvious**, the employer may ask the individual for **reasonable documentation** about his/her disability and functional limitations.

   The employer and the individual with a disability should **engage in an informal process** to clarify what the individual needs and identify the appropriate reasonable accommodation. The employer may ask the individual questions that will enable it to make an informed decision about the request. This includes asking what type of reasonable accommodation is needed.

There are extensive public and private resources to help employers and individuals with disabilities who are not familiar with possible accommodations. (See the Appendix to this guide for a resource directory to help identify reasonable accommodations.)

3. <u>Must an employer provide the reasonable accommodation that the individual wants?</u>

**The employer may choose among reasonable accommodations as long as the chosen accommodation is effective (i.e., it removes the workplace barrier at issue).** The employer may offer alternative suggestions for reasonable accommodations to remove the workplace barrier in question. If there are two possible reasonable accommodations, and one costs more or is more difficult to provide, the employer may choose the one that is less expensive or easier to provide, as long as it is effective.

4. <u>How quickly must an employer respond to a request for reasonable accommodation?</u>

An employer should respond promptly to a request for reasonable accommodation. If the employer and the individual with a disability need to engage in an interactive process, this too should proceed as quickly as possible. Similarly, the employer should act promptly to provide the reasonable accommodation.

---------------------------------------------------------------------------------------------------------------

So, as you can clearly see, it is the Defendants, not the Plaintiffs, who must provide the accommodation. Defendants are allowed to discuss the issue with the Plaintiffs and find a reasonable accommodation that fits, but Plaintiff is not supposed to do all the work, like the Defendants suggest. The Defendants did not even *try* to meet the Plaintiff in the middle. Defendant cites Sixth Circuit case law, which may be persuasive on the Court, but I cite administrative regulations, which is *binding* on this court, via the *Chevron* precedent. Do I even *have* to cite precedent that states that binding authority always trumps conflicting persuasive authority?

**RELIEF SOUGHT**

First, I request that the case be remanded to the District Court with instructions to enforce the unchallenged arbitration award.

If this relief is denied, I ask that the judgment and order granting summary judgment both be vacated and the case be remanded for further proceedings to determine the issues of fact.

**CONCLUSION**

Wherefore, premises considered, I respectfully request that the above-requested relief be granted.

It is so requested on this th day of March, 2012.

David Stebbins

123 W. Ridge, APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com