# IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

### NO. 11-3639

### DAVID STEBBINS

### Petitioner/Appellant

### v.

### Reliable Heat & Air, LLC et al

### Defendants/Appellees.

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

### The Honorable Richard E. Dorr, District Judge

---

## APPELLEES' BRIEF

---

Gary W. Allman
Missouri Bar No. 19921
P.O. Box 5049
Branson, Missouri 65615
(417) 332-2800
garywallman@gmail.com
Counsel for
Defendants/Appellees

April 24, 2012

1

# TABLE OF CONTENTS

SUMMARY OF CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . 10

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

I.   WHETHER THE DISTRICT COURT ERRED IN DENYING
     PLAINTIFF'S MOTION TO CONFIRM AN ARBITRATION
     AWARD BECAUSE THERE WAS NO ARBITRATION
     AWARD AND BECAUSE PLAINTFF FAILED TO ESTABLISH
     THAT DEFENDANTS HAD AGREED TO SETTLE
     ALL ISSUES BETWEEN PLAINTIFF AND
     DEFENDANTS BY SUBMITTING THE ISSUES TO
     BINDING ARBITRATION.

II.  WHETHER THE DISTRICT COURT ERRED IN GRANTING
     DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
     FINDING THAT PLAINTIFF SET FORTH NO EVIDENCE

Appellate Case: 11-3639   Page: 2   Date Filed: 04/24/2012 Entry ID: 3904301

**THAT HE IS QUALIFIED TO PERFORM THE ESSENTIAL FUNCTIONS OF HIS POSITION WITH OR WITHOUT REASONABLE ACCOMODATIONS BECAUSE THE UNCONTROVERED FACTS SHOW PLAINTIFF WAS NOT A QUALIFIED PERSON WHO COULD PERFORM THE ESSENTIAL FUNCTIONS OF HIS POSITION WITH OR WITHOUT REASONABLE ACCOMODATIONS AND PLAINTIFF DID NOT PRODUCE EVIDENCE SHOWING THAT HE COULD PERFORM THE ESSENTIAL FUNCTIONS OF HIS POSITION WITH OR WITHOUT REASONABLE ACCOMODATIONS.**

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19**

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . **21**

**CERTIFICATE OF COMPLIANCE** . . . . . . . . . . . . . . . . . . **21**

**ADDENDUM** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **22**

3

## SUMMARY OF CASE

On the last week in May 2009 Appellant David Stebbins was employed by Reliable Heat & Air LLC as a customer service representative and on June 5, 2009 Appellant was terminated from his employment. In July of 2010 Appellant filed suit in the Western District of Missouri alleging employment discrimination in that he was terminated because of his Asperger Syndrome disability.

Appellant filed a motion requesting the Court to confirm an arbitration award based upon Appellee's alleged default of a request to "arbitrate" previously submitted to Appellee. The motion was denied by the District Court.

Appellees timely filed a Motion for Summary Judgment and Appellant filed a Response. The District Court granted the Motion for Summary Judgment and Appellant appeals.

Appellate Case: 11-3639    Page: 4    Date Filed: 04/24/2012 Entry ID: 3904301

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                    Page

Ferguson v. United States, 484 F.3d 1068, 1072 (8th Cir. 2007).      12

Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999).               12

Norman v. Union Pacific RR Co., 606 F.3d 455, 459 (8th Cir. 2010).   12

Jakubowski v. Christ Hospital, Inc., 627 F.3d 197, 201               13, 16
(6th Cir. 2010)

Matsusbita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S.     14
574, 586 (1986).

RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399,          14
402 (8th Cir. 1995)

**State CASES**

Ketcherside. v. McLane, 118 S.W. 3d 631 (Mo. App. S. D. 2003).        18

**FEDERAL STATUTES**

42 U.S.C. §12112                                                      12

**FEDERAL RULES**

Fed. R. Civ. P. 56(c)(1)(B).                                          12

Appellate Case: 11-3639     Page: 5     Date Filed: 04/24/2012 Entry ID: 3904301

## STATEMENT OF FACTS

Appellees provide the following statement of facts as an addition to the Statement of Facts provided by Appellant and in opposition to the incorrect statement submitted by Appellant.

Appellant filed his complaint against Appellees alleging employment discrimination in that he was terminated because of his Asperger Syndrome disability.

On March 20, 2011, during the pretrial process Appellant, by use of a "YouTube" page communicated by email transmission, submitted to Appellees' counsel a document introduced by the words, "Read This", and purporting to be a "contract" to arbitrate all disputes between Appellant and Appellees. Included in the document were words to the effect that if you accept this "contract" and are thereafter served with an arbitration invitation, and do not accept the invitation within 24 hours Appellant automatically wins according to the "forfeit victory clause". Appellant also spells out the manner in which Appellee's can "accept" this offer, including: Instigating any unnecessary communications with Appellant, communicating with Appellant in ways that are expected but not required, such as affirmatively replying to a Request for Admission because such admission would be admitted by default without an affirmative response, and by Allowing Appellant to unnecessarily communicate with Appellees by not blocking emails, not calling the police "if I communicate with you for any reason", and by seeing Appellant on Appellees' property and not asking him to leave immediately.

At sometime after March 20, 2011, Appellant contacted Appellees' counsel by a phone call and as stated by Appellant in his motion to confirm

6

an arbitration award: "Allman himself – not his secretary- answered the phone. I told him who I was and stated that I have a question regarding an issue with him that was related to my case against Reliable Heat & Defendants., LLC, but was not a formal discovery question, so he was not legally required to allow me to communicate with him: I just *wanted* him to. Allman attempted to entertain me on the issue, but he said he was busy on the other line, and asked for permission to call me back in a few minutes. I declined the offer, because I had already gotten what I wanted. Symbolic acceptance of my contract."

Appellees made no affirmative actions to accept Appellant's "offer to arbitrate".

On March 25th 2011 Appellant filed a Motion to Confirm Arbitration Award stating therein, " . . . therefore, per the forfeit victory clause, I automatically win." and further requesting the confirmation of an arbitration award in the amount of $500,000.00.

Appellees filed an Objection To Plaintiff's Motion to Confirm Arbitration Award and after the matter was consideration by the Court, Appellant's motion was denied.

Appellees filed a Motion for Summary Judgment supported by a Statement of Uncontroverted Material Facts.

The uncontroverted facts include the following:

1. Defendant Reliable Heat & Air, LLC is engaged in the business of installing heating and air conditioning equipment and materials and repair and maintenance of existing equipment and servicing similar equipment of its customers.

2. Plaintiff was employed by Defendant the last week or May 2009 with duties to answer the business phone, keeping notes of calls,

7

dispatching crews to jobs, communicating with customers and generally as a customer service representative.

3. Plaintiff was hired by Defendants as a customer service representative.

4. The only reason Plaintiff was terminated was because he was rude to and offended customers.

5. Plaintiff alleges his disability is Asperger Syndrome which is a neurological disability that makes him oblivious to social ques which often results in an outward manifestation of tactlessness.

6. After three or four day of work Plaintiff was intentionally terminated by Defendants.

7. Plaintiff's employment was terminated because of his failure to properly perform his job in that he was rude, abrasive and arrogant to customers, because he was "tactless" to customers and his failure to properly handle business calls.

8. Plaintiff did not tell Defendants that he had Asperger Syndrome until the last day of his employment.

9. Plaintiff made no effort to correct or amend his customer relations and informed Defendants that because of his Asperger Syndrome condition, that was just the way he was and customers would have to get use to it. "So, in other words, If the customers are upset about my tactlessness, the only thing the Defendants can do is explain my disability to them and let them live with it."

10. Plaintiff offered or suggested no reasonable accommodation to facilitate his "disability", however, did suggest to Defendants that, "So, in other words, If the customers are upset about my tactlessness,

8

the only thing the Defendants can do is explain my disability to them and let them live with it."

11. Plaintiff stated that, "If I am being tactless to a customer, it would take no more than ten seconds to tell said customer 'Sorry about David; he has a disability that makes him tactless.' You can test this one by timing it with a stopwatch."

Appellant did not refute these uncontroverted facts but contents, on appeal, that, if given the right to pursue further discovery he could establish that Defendants had other or many customers that were on contract with Defendants and would therefore be legally bound to remain customers notwithstanding that Appellant would be rude or tactless with or to them.

Appellees stated that there existed no genuine issue of a material fact as to any substantial and required allegation in Appellant's Petition and that the undisputed facts show that Defendants/Appellees are entitled to judgment as a matter of law. Appellant filed an opposition to summary judgment. The Court granted Appellees' Summary Judgment holding that Plaintiff/Appellant has set forth no evidence that he is qualified to perform the essential functions of his position with or without reasonable accommodations.

Appellant now appeals the Court's denial of Appellant's Motion to Confirm Arbitration Award and the Court's granting of Appellees' Motion for Summary Judgment.

9

## STATEMENT OF ISSUES

I.    WHETHER THE DISTRICT COURT ERRED IN DENYING
PLAINTIFF'S MOTION TO CONFIRM AN ARBITRATION
AWARD BECAUSE THERE WAS NO ARBITRATION
AWARD AND BECAUSE PLAINTFF FAILED TO ESTABLISH
THAT DEFENDANTS HAD AGREED TO SETTLE
ALL ISSUES BETWEEN PLAINTIFF AND
DEFENDANTS BY SUBMITTING THE ISSUES TO
BINDING ARBITRATION.

II.    WHETHER THE DISTRICT COURT ERRED IN GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
FINDING THAT PLAINTIFF SET FORTH NO EVIDENCE
THAT HE IS QUALIFIED TO PERFORM THE ESSENTIAL
FUNCTIONS OF HIS POSITION WITH OR WITHOUT
REASONABLE ACCOMODATIONS BECAUSE THE
UNCONTROVERED FACTS SHOW PLAINTIFF WAS
NOT A QUALIFIED PERSON WHO COULD PERFORM
THE ESSENTIAL FUNCTIONS OF HIS POSITION WITH OR
WITHOUT REASONABLE ACCOMODATIONS AND
PLAINTIFF DID NOT PRODUCE EVIDENCE SHOWING
THAT HE COULD PERFORM THE ESSENTIAL FUNCTIONS
OF HIS POSITION WITH OR WITHOUT REASONABLE
ACCOMODATIONS.

10

Appellate Case: 11-3639   Page: 10   Date Filed: 04/24/2012 Entry ID: 3904301

# SUMMARY OF THE ARGUMENT

There was never any agreement or contract to enter into arbitration to settle the issues between Plaintiff/Appellant and Defendants/Appellees. There was no Arbitration Award issued that could be confirmed and further there was no award stated in the alleged contract to arbitrate that could be enforced pursuant to a "default victory clause".

Based on all the uncontroverted facts Appellant failed to establish that he was qualified to perform the essential functions of his position as a customer service representative with or without reasonable accommodation. Appellant does not refute any of the uncontroverted facts however it is Appellant's contention that the customers of Appellees' were contract customers who could not avoid working with Appellees. Therefore such customers would not be affected by Appellant's rudeness. This is a specious suggestion, immaterial and irrelevant to the issues involved here, and, even if accurate, would not support a denial of the Motion for Summary Judgment.

The uncontroverted facts clearly establish that Appellant was not a qualified to perform the essential functions of his position of employment with or without reasonable accommodations and therefore the granting of Summary Judgment by the District Court was correct and not error.

Appellate Case: 11-3639    Page: 11    Date Filed: 04/24/2012 Entry ID: 3904301

# ARGUMENT

## Standard of Review

This Honorable Court reviews a district court's grant of summary judgment de novo. Ferguson v. United States, 484 F.3d 1068, 1072 (8th Cir. 2007).

Summary judgment may be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When ruling on a motion for summary judgment, the Court should view the facts in the light most favorable to the adverse party and allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence." Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999). A party can show that a fact is not genuinely disputed by "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

## Summary Judgment

Appellant, in his petition below, alleges that his employment with Appellees was terminated in violation of the ADA. 42 U.S.C. §12112 is the determinative statute that is relevant to this action as it concerns discrimination against a qualified individual on the basis of disability in regard to ... the discharge of employees. 42 U.S.C. §12112(a). Accordingly Appellant must show: "(1) an ADA-qualifying disability; (2) qualifications to perform the essential functions of (his) position with or without reasonable accommodation; and (3) an adverse employment action

12

due to (his) disability. <u>Norman v. Union Pacific RR Co.,</u> 606 F.3d 455, 459 (8th Cir. 2010). See Also <u>Jakubowski v. Christ Hospital, Inc.,</u> 627 F.3d 197, 201 (6th Cir. 2010).

All of the uncontroverted and undisputed facts presented in support of Defendants' Motion for Summary Judgment clearly show that there is no genuine dispute of any material fact and that Appellant cannot produce admissible evidence to support any material fact that would be material to the issue. Appellant was hired to be a customer service representative. Appellant was rude tactless to customers and indicated that, upon being informed of Appellant's "disability" they, the customers, would just have to live with it. Additionally, Appellant stated that Appellees could monitor Appellant's work and "If I am being tactless to a customer, it would take no more than ten seconds to tell said customer 'Sorry about David; he has a disability that makes him tactless.' "

As stated by the District Court, Appellant presented no evidence that he was qualified to perform the essential functions of his position as a customer service representative. (Addendum 1 attached.)

For Appellant to succeed in his claim against Appellees he must establish, among other things, that he was qualified to perform the essential functions of his employment position with or without reasonable accommodation. The undisputed facts presented in Appellees' Motion for Summary Judgment clearly show that Appellant could not and would not preform the essential functions of a customer service representative. Appellant was admittedly rude to customers of Appellees'. Appellant does not dispute this fact, but, on appeal, argues that because some of Appellees' customers were under contract with Appellees, it was permissible to be rude and tactless to them since they could not discontinue their relationship with

13

Appellees. Appellant complains he was prohibited from proving this fact by Appellees' failure to respond promptly to discovery requests and by the Court permitting Appellees to be dilatory in their discovery responses. Appellant's claim is without merit and baseless. Even assuming for sake of argument that Appellees' customers were under contract, such fact does give license to Appellant to treat them inappropriately. Indeed, Appellant's argument is just another way of saying, "So, in other words, If the customers are upset about my tactlessness, the only thing the Defendants can do is explain my disability to them and let them live with it."

Appellant complains that he was denied the right to establish one contested fact. As stated in his brief, "It is contested between the parties whether or not Defendants' customers have long-term contracts, which would have guaranteed Defendant patronage for long enough for their customers to become accustomed to my tactlessness." Appellees contend, as stated above, that such fact, whether contested or uncontested, is irrelevant and immaterial to the issue of the Summary Judgment being granted.

A nonmoving party may defeat a summary judgment by showing a genuine issue of fact sufficient to warrant trial, however such party must do more than simply show that there is some metaphysical doubt as to the material facts. Matsusbita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). However, the nonmoving party cannot create sham issues of fact in an effort to defeat summary judgment. RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 402 (8th Cir. 1995).

Appellant complains that Appellees repeatedly refuse to give him full discovery, yet Appellees did provide answers and responses to all discovery. Appellant merely did not like the answers and responses he received.

14

Appellant complains that the District Court erroneously considered many issues to be controverted when they ware in fact uncontroverted. However, Appellant does not set forth any alleged facts he considered uncontroverted. Appellees simply do not understand this complaint and do not know how to respond.

Appellant complains that the summary judgment should be vacated because "lack of customer satisfaction is not a grounds for bona fide occupational qualification." This complaint wholly fails to appreciate the circumstances of this case. Appellees suggest that "customer satisfaction" is the goal of any customer service business. Customer satisfaction supports continued or repeat business with a particular customer, encourage good referrals for potential future customers, and support the basic success of the business. A customer service representative's good, tactful and successful communication and dealing with customers is, in fact, a bona fide occupational qualification. The undisputed facts show that Appellant's contact with Appellees' customers was tactless, rude and inappropriate. Appellant's response was and is generally, "That's the way I am and they will just have to live with it."

Appellant appears to suggest that his disability can be accommodated by Appellees informing their customers that Appellant has a disability and that they will have to "live with it", or by calling customers back and apologizing for Appellant's conduct. Or, perhaps entering into contracts with customers so they would have to endure Appellant's conduct and not terminate business with Appellees. Appellees did not and do not accept this as reasonable or appropriate accommodation. Because the "accommodation" that Appellant had the burden to propose do not address the key obstacles preventing him from performing the necessary functions of

15

a customer service representative Appellant did not meet his burden under the Act of proving he is an otherwise qualified individual for the position in which he was employed. The 6th Circuit Court of Appeals has up held this proposition in a case of closely similar facts. <u>Jakubowski v. Christ Hospital, Inc.</u>, 627 F.3d 197, 201 (6th Cir. 2010).

Simply stated, by uncontroverted facts, Appellant did not and could not establish that he maintained the qualifications to perform the essential functions of his position with or without reasonable accommodation. Therefore, the Court's granting of summary judgment was correct and should be upheld.

**Motion to confirm Arbitration Award.**

Appellant complains that the District Court erred by not granting Appellant's motion to confirm an arbitration award. The substance of Appellant's argument is that Appellees failed to file a motion to vacate the arbitration award and the facts establish the existence of an arbitration agreement.

Appellees suggest there was no Arbitration Award to confirm. As stated in Appellees' opposition to Appellants motion to confirm award the alleged arbitration award was a product of Appellant's spurious and disingenuous efforts to concoct a settlement of this case.

As stated in Appellees' Opposition to Appellant's motion to confirm arbitration award, there exists no "arbitration award" to be either confirmed or denied. Appellant has produced no arbitration award.

Appellant alleges he submitted a contract to Appellees wherein it was stated: "We agree to refer all legal disputes . . . to binding arbitration." The proposed contract to arbitrate further stated that if not accepted within 24

16

hours, Appellant automatically wins by forfeiture. Appellees did not and never intended to enter into an arbitration agreement with Appellant. Appellant alleges the Appellees "accepted" the contract offer, and such "acceptance" was exhibited by Appellees' counsel answering the phone when Appellant called and agreeing to discuss the case with him. Appellant was acting pro se and was not represented by an attorney. Appellant claims Appellees symbolically accepted Appellant's contract offer.

Appellant in his proposed offer outlined the manner by which Appellees could "accept" the offer. The methods by which the offer could be accepted as dictated by Appellant are quoted as follows:

"Acceptance method

You accept this contract if you, or your employees and/or affiliates . . .

1. Instigate communications with me, in any way, unless you are legally required to communicate with me.

   A) This will also apply if you communicate with me in ways that are expected of you, but not required, such as responding to a request for admissions, and admitting even one fact (because, if the fact is admitted, you can always just let the 30 day time limit expire and the fact is admitted by default).

2. Allowing me to communicate with you for any reason that you are not legally required to entertain me on.

   A) This will also apply to allowing me to send emails to you, and not blocking my attempts to communicate, as well as not calling the police if I communicate with you for any reason I am not legally entitled to communicate with your for.

17

3. Seeing me on your property and not asking me to leave, immediately."

Having initiated this scheme Appellant then placed a phone call to Appellees' counsel and when the call was answered, Appellant rejoiced that his proposed contract to arbitrate is symbolically accepted. Appellant then submits to Appellees some document purporting to be an invitation to arbitrate and subsequently files a motion to confirm his concocted arbitration award. The Court properly denied Appellant's motion to confirm.

There was no agreed contract to arbitrate and there was not award by default. There was no arbitration and no arbitration award was granted.

There never was a meeting of the minds between the proposed parties nor was there a valid acceptance of the offer to arbitrate. Ketcherside. v. McLane, 118 S.W. 3d 631 (Mo. App. S. D. 2003). Appellant cannot dictate methods of acceptance, methods which are impossible to not perform, and then claim there was a meeting of the minds. Appellant here unilaterally made an offer and unilaterally "accepted" the offer for Appellees. Appellees had no intention of accepting Appellant's offer, yet Appellant concocted a scheme whereby he claims Appellees made a willing, knowing and understanding acceptance of his offer. Appellant set fourth as a method of acceptance of his offer by Appellees' counsel answering the phone. There simply was no way Appellees, their employees and/or affiliates . . . could not have performed one or more of the acts dictated by Appellant as methods of "acceptance".

Although an offeror may state the reasonable method by which an offer may be accepted, the offeree must have some control over whether he intends to accept the offer. Here, Appellant set fourth methods of

18

acceptance that were wholly beyond the control of Appellees, were unreasonable, and were devious and improper. This is particularly so in this case where Appellant was not represented by counsel and Appellees' counsel is required to communicate with Appellant directly, and where, for the progress of the case, it is necessary that counsel communicate with Appellant. Answering a phone call from Appellant and offering to communicate with Appellant simply does not evidence the mutuality of agreement or acceptance of an offer to arbitrate.

Appellees suggest Appellant is in bad faith and abusing the legal system in attempting his scheme, designed to extort money from the Appellees. Appellant, in a letter to Appellees' counsel explained the motive and basis for his scheme wherein he stated: "I think you and your client need to offer me something huge, in order to get me to drop this motion."

There was no arbitration award. Appellees were not required to file a motion to vacate the award. The District Judge properly considered Appellant's motion to confirm the award and properly denied the motion.


## CONCLUSION

Based upon uncontroverted facts Appellant failed to establish that he was qualified to perform the essential functions of his position as a customer service representative with or without reasonable accommodation. Appellant does not refute any of the uncontroverted facts however, contends that the customers of Appellees' were contract customers who could not avoid working with Appellees. Therefore such customers would not be affected by Appellant's rudeness. This is a specious suggestion, immaterial

Appellate Case: 11-3639    Page: 19    Date Filed: 04/24/2012 Entry ID: 3904301

and irrelevant to the issues involved here, and even if accurate would not defeat the granting of the Summary Judgment.

The uncontroverted facts clearly establish that Appellant was not a qualified person to perform the essential functions of his position of employment with or without reasonable accommodations and therefor the granting of Summary Judgment by the District Court was correct and not error.

There was never any agreement or contract to enter into arbitration to settle the issues between Plaintiff/Appellant and Defendants/Appellees. There was no Arbitration Award issued that could be confirmed and further there was no award stated in the alleged contract to arbitrate that could be enforced pursuant to a "default victory clause".

Wherefore, Appellees request the District Court's granting of the Summary Judgment be confirmed and that the Court's denial of Appellant's Motion to Confirm Arbitration Award be upheld.


Respectfully submitted,

Gary W. Allman
Missouri Bar No. 19921
P.O. Box 5049
Branson, MO 65615
Telephone: 417-332-2800
Facsimile: 417-334-8165
garywallman@gmail.com
ATTORNEY FOR APPELLEES

20

## CERTIFICATE OF SERVICE

One copy of the foregoing Brief for Appellees were provided by electronic transmission this 24th day of April 2012 to:

David Stebbins
123 W. Ridge, APT D
Harrison, Arkansas 72601
stebbinsd@yahoo.com

Gary W. Allman

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 28A(c) of the Eighth Circuit Rules of Appellate Procedure and Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, I hereby certify that the foregoing Brief of Appellees was prepared in Word 2011 format and that, according to the program's word-count feature, the total number of words is 4,506.

Gary W. Allman

Appellate Case: 11-3639    Page: 21    Date Filed: 04/24/2012 Entry ID: 3904301