IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

NO. 11-3639

DAVID STEBBINS

Petitioner/Appellant

v.

Reliable Heat & Air, LLC et al

Defendants/Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

The Honorable Richard E. Dorr, District Judge

APPELLEES' BRIEF

Gary W. Allman
Missouri Bar No. 19921
P.O. Box 5049
Branson, Missouri 65615
(417) 332-2800
garywallman@gmail.com
Counsel for
Defendants/Appellees

April 24, 2012

1

# ADDENDUM

1.  SUMMARY JUDGMENT of the District Court re:
Stebbins v. Reliable Heat & Air, LLC, et al, Case # 10-3305-CV-S-RED
Dated: October 7, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DAVID STEBBINS,                          )
                                         )
              Plaintiff,                 )
                                         )
v.                                       ) Case No. 10-3305-CV-S-RED
                                         )
RELIABLE HEAT & AIR, LLC, et al.,        )
                                         )
              Defendants.                )

## ORDER

Before the Court is Defendants' Motion for Summary Judgment (Doc. 140). After careful consideration, this Court **GRANTS** Defendants' motion.

## BACKGROUND

Plaintiff alleges that he has Asperger Syndrome, a neurological disability that makes him oblivious to social ques which often results in an outward manifestation of tactlessness. In May 2009, Defendants hired Plaintiff to work as a full-time customer service representative. (Order - Doc. 143). Plaintiff's job description was to receive service calls from customers, to schedule appointments using a paper-and-pen version of a database, and to dispatch technicians to fix the problems about which the customers complained. (Defendants' Ex. D). During his employment with Defendants, Plaintiff was rude to Defendants' customers. (Order - Doc. 143). Plaintiff's actions were becoming detrimental to Defendants' business as their business is based on customer service and repeat business. (Defendant's Ex. A). In June 2009, Plaintiff was terminated for being rude to customers. (Defendants' Ex. D; Order - Doc. 143). During the course of discovery, when asked what reasonable accommodation would have permitted him to perform his job, Plaintiff responded: "if the customers [were] upset about [his] tactlessness, the only thing the Defendants can

do is explain [his] disability to them and let them live with it." (Defendant's Ex. B).

On September 27, 2010, Plaintiff filed his complaint alleging that his termination violated the Americans with Disabilities Act ("ADA"). Now before the Court is Defendants' Motion for Summary Judgment.

## STANDARD OF REVIEW

According to Fed. R. Civ. P. 56(a), summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When ruling on a motion for summary judgment, the Court should view the facts in the light most favorable to the adverse party and allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence." *Reed v. ULS Corp*, 178 F.3d 988, 990 (8th Cir. 1999). A party can show that a fact is not genuinely disputed by "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The evidence that may be considered when ruling on a motion for summary judgment includes: depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers or other materials. Fed. R. Civ. P. 56(c)(1)(A). Plaintiff argues in his response that "Randall Richardson's affidavit is not proof of anything other than what we agree to," however, this is not the law. Affidavits are recognized as appropriate support for allegations contained in a motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(A).

## ANALYSIS

Plaintiff alleges that his termination violated the ADA. Thus, 42 U.S.C. § 12112 is the

2

Case 6:10-cv-03305-RED   Document 151   Filed 10/07/11   Page 2 of 7
Appellate Case: 11-3639     Page: 4     Date Filed: 04/24/2012 Entry ID: 3904306

relevant statute as it concerns "discriminat[ion] against a qualified individual on the basis of disability in regard to . . . the discharge of employees." 42 U.S.C. § 12112(a). Absent direct evidence of disability discrimination, to recover on a claim of discrimination under § 12112, the Plaintiff must show: "(1) an ADA-qualifying disability; (2) qualifications to perform the essential functions of her position with or without reasonable accommodation; and (3) an adverse employment action due to her disability." *Norman v. Union Pacific RR Co.*, 606 F.3d 455, 459 (8th Cir. 2010). Plaintiff has presented no direct evidence of disability discrimination; therefore, in order to recover on his claim, he must prove the elements set forth above. However, Plaintiff has failed to present evidence on at least one element required to recover on a claim of discrimination under § 12112. Moreover, Plaintiff has failed to present sufficient evidence on his hostile work environment claim since he has not established a prima facie case of discrimination.

I. **Plaintiff has set forth no evidence that he is qualified to perform the essential functions of his position with or without reasonable accommodations.**

An individual is qualified if he satisfies the "requisite skill, experience, education, and other job-related requirements, and 'can perform the essential job functions, with or without reasonable accommodation.'" *Rehrs v. Iams Co.*, 486 F.3d 353, 356 (8th Cir. 2007)(quoting *Cravens v. Blue Cross & Blue Shield of Kan. City*, 214 F.3d 1011, 1016 (8th Cir. 2000)). Essential job functions "are the fundamental job duties" and the "employer has the burden of showing a particular job function is an essential function of the job." *Rehrs*, 486 F.3d at 356. When considering whether a particular function is an essential function of the job the Court considers, but is not limited to, the following factors:

> (1) the employer's judgment as to which functions are essential; (2) written job descriptions prepared before advertising or interviewing applicants for the job; (3) the amount of time spent on the job performing the function; (4) the consequences

3

of not requiring the incumbent to perform the function; (5) the terms of the collective bargaining agreement; (6) the work experience of past incumbents in the job; and (7) the current work experience of incumbents in similar jobs. *Id.*

Moreover, "[a]n employer's judgment on this question is highly probative." *Alexander v. Northland Inn*, 321 F.3d 723, 727 (8th Cir. 2003).

Here, Plaintiff was employed by Defendants as a customer service representative. Plaintiff's job description was to receive service calls from customers, to schedule appointments using a paper-and-pen version of a database, and to dispatch technicians to fix the problems that the customers complained about. Therefore, a majority of Plaintiff's duties included communicating to customers. It is undisputed that Defendants' business is a service business. It necessarily is based on customer service as evidenced by the need to take calls from customers, assess their needs, and schedule an appointment to fix their problem. Customer satisfaction and repeat business are essential to the success of the Defendants' business. Accordingly, considering factors one through four, Defendants have established that customer service and, thus, the ability to properly communicate with customers, constituted an essential function of Plaintiff's job.

Plaintiff acknowledged in his amended interrogatory answer that he offended customers; however, Plaintiff argues that the fact that he made customers uncomfortable did not make him unable to perform an essential function of the job. Nonetheless, it is an uncontroverted fact that, during Plaintiff's employment with Defendants, Plaintiff was rude to Defendants' customers. Accordingly, Plaintiff was unable to perform an essential function of his job - the ability to properly communicate with customers. No genuine dispute as to any material fact exists as to this issue. Therefore, the Court must now determine whether Plaintiff was able to perform this essential function of his job with a reasonable accommodation.

4

Case 6:10-cv-03305-RED   Document 151   Filed 10/07/11   Page 4 of 7
Appellate Case: 11-3639   Page: 6   Date Filed: 04/24/2012 Entry ID: 3904306

According to the ADA, Plaintiff has the burden to prove that he "could perform the essential functions of [his] position with a reasonable accommodation." *Alexander*, 321 F.3d at 727. However, "an employer is under no obligation to relocate the essential functions of a position that a qualified individual must perform." *Id.* at 728. Plaintiff claims his Asperger Syndrome causes him to be oblivious to social ques and say things that are rude and offend people. We will assume that to be true for purposes of this discussion.

Plaintiff's job for Defendants involved Plaintiff being the first point of contact for customers who called Defendants to purchase their services. It is undisputed that Plaintiff was rude to customers to the extent that some were offended. Plaintiff states he cannot help it and that, because of his disability (Asperger Syndrome), his "tactlessness" would continue to be part of his ability to talk with people. Plaintiff's suggested accommodation for his problem is, "So, in other words, if the customers are upset about my tactlessness, the only thing the Defendants can do is explain my disability to them and let them live with it." Common sense is a relevant factor to consider in this discussion. This option proposed by Plaintiff would necessarily involve either a second employee continuously monitoring Plaintiff's phone calls so he could step in and talk to the customer when Plaintiff was rude or Defendants hoping that offended customers would somehow let them know that they were upset so Defendants could then try to explain Plaintiff's "disability." Moreover, under any accommodation proposed by Plaintiff, the customer is still offended first and the accommodation is simply damage control. Accordingly, neither of these alternatives would be a reasonable accommodation. *See Moritz v. Frontier Airlines, Inc.*, 147 F.3d 784, 788 (8th Cir. 1998)(affirming the district court's grant of summary judgment and conclusion that providing the Plaintiff an assistant to aid her in her duties was not a reasonable accommodation).

5

Case 6:10-cv-03305-RED   Document 151   Filed 10/07/11   Page 5 of 7
Appellate Case: 11-3639     Page: 7     Date Filed: 04/24/2012 Entry ID: 3904306

Further, Plaintiff has set forth no evidence, other than his own statements, that his proposed accommodation is reasonable. Moreover, he has not set forth any evidence which supports his contention that he could perform the essential functions of his position with his proposed accommodation. *See Heaser v. Toro Co.*, 247 F.3d 826, 832 (8th Cir. 2001)(concluding that Plaintiff's claim under the ADA failed as Plaintiff failed to present sufficient evidence showing her proposed accommodation was reasonable and, instead, based her argument on her own conjecture). Accordingly, summary judgment is appropriate on Plaintiff's claim under the ADA as Plaintiff has not presented any evidence to support the fact that he is qualified to perform the essential functions of his position with or without reasonable accommodations and, thus, no genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(1)(B).

As dismissal of this case is appropriate based on the above analysis, the Court will not consider Defendants' other grounds for summary judgment on Plaintiff's ADA claim.

## II. Plaintiff's hostile work environment claim fails as Plaintiff did not establish a prima facie case of discrimination.

Lastly, Plaintiff's hostile work environment claim, insofar as it is a separate claim, is dismissed as Plaintiff's failure to "establish a prima facie case of discrimination suffices to render her . . . argument meritless." *Moritz*, 147 F.3d at 788; *See also Cody v. CIGNA Healthcare of St. Louis, Inc.*, 139 F.3d 595, 598 (8th Cir. 1998)("In all constructive discharge and harassment cases under the ADA, . . . the plaintiff must first make out a prima facie case of discrimination or face the dismissal of her claim.").

## CONCLUSION

WHEREFORE, for the above stated reasons, this Court **GRANTS** Defendants' Motion for Summary Judgment. The above captioned case is **DISMISSED WITH PREJUDICE**. Judgment

6

Case 6:10-cv-03305-RED   Document 151   Filed 10/07/11   Page 6 of 7
Appellate Case: 11-3639     Page: 8     Date Filed: 04/24/2012 Entry ID: 3904306

is entered in favor of Defendants on all counts.

**IT IS SO ORDERED.**

DATED:     October 7, 2011            /s/ Richard E. Dorr
                                      RICHARD E. DORR, JUDGE
                                      UNITED STATES DISTRICT COURT

7

Case 6:10-cv-03305-RED   Document 151   Filed 10/07/11   Page 7 of 7
Appellate Case: 11-3639   Page: 9   Date Filed: 04/24/2012 Entry ID: 3904306