UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DAVID STEBBINS )
    Appellant )
VS. )
RANDALL RICHARDSON & ) Case No. 11-3639
RELIABLE HEAT & AIR, LLC )
    Appellees )
_____)

## REPLY BRIEFING

Comes now, *pro se* Appellant David Stebbins, who hereby submits the following reply briefing in response to Defendant's Appellee Briefing.

**Defendant's argument of relevance is raised for the first time on appeal.**

It is well established that this Court, with the sole exception of lack of subject-matter jurisdiction, does not consider issues raised for the first time on appeal.

> "The rationale for the rule is twofold. First, the record on appeal generally would not contain the findings necessary to an evaluation of the validity of an appellant's arguments. Second, there is an inherent injustice in allowing an appellant to raise an issue for the first time on appeal. A litigant should not be surprised on appeal by a final decision there of issues upon which they had no opportunity to introduce evidence. A contrary rule could encourage a party to 'sandbag' at the district court level, only then to play his 'ace in the hole' before the appellate court." See *Campbell v. Davol, Inc.*, 620 F.3d 887, 892 (8th Cir. 2010)

Defendants raise for the first time on appeal their contention that whether or not their customers are under contract is irrelevant to the disposition of this case, and this argument should be disregarded accordingly.

**Whether or not Defendants' customers are under contract is entirely relevant.**

Assuming the Court agrees to consider the argument, despite it being raised for the first time on appeal, their argument still fails, logically, because Defendants argue that my tactlessness was hurting their business. However, if their customers were under contract, then my tactless-

ness was no-harm-no-foul to the Defendants' business. Therefore, it is quite relevant.

**Defendants are strawmanning my discovery argument.**

Defendants claim that they gave me a full discovery. However, they fail to realize the nature of my claim that I was deprived of discovery. The actions of the Defendants which deprived me of discovery are not the responses themselves, but rather, are their repeated failure to timely respond to the discovery requests *at all*! They repeatedly procrastinated in responding to my discovery requests, forcing me to spend valuable discovery time filing motions to compel discovery. Defendants routinely responded to my discovery requests only after I had filed motions to compel these responses.

This procrastination should have resulted in them being sanctioned, and I attempted to do exactly that; I filed a motion for default, which should have been granted, as the Defendants exhibited a pattern of intentional delay (that is the precedent in this circuit for disqualifying a party, see Siems v. City of Minneapolis, 560 F. 3d 824, 826 (8th Cir. 2009)), yet it was denied without explanation.

Therefore, whereas Defendant claims that they answered all my discovery requests, they repeatedly failed to do so in a timely manner. It was their procrastination in cooperating with discovery, not the discovery responses themselves, which prejudiced my rights.

**All of Defendants' defenses to the arbitration issue are officially raised for the first time on appeal.**

Defendant pleasantly ignores the argument I raised that their response in opposition to my motion to confirm the arbitration award was untimely, and thus the District Court erred in refusing to strike it. This argument is not challenged by Defendants; instead, they simply decide to stand by the arguments they made in said opposition. They fail to realize that, if the brief in opposition containing their arguments should have been struck as untimely, then none of their

arguments matter, because they are officially being raised for the first time on appeal, and I have already pointed out how well established it is that this Court does not consider such issues.

**All other issues raise no new questions.**

Defendants have raised several additional arguments, but they mostly amount to simple denials of my claims without any substance to back them up (e.g. their claim that they are not required to file any motion to vacate), and thus require no additional reply.

Defendants essentially repeat word-for-word the untimely arguments they raised in their opposition to my motion to confirm an arbitration award; to that end, I hereby incorporate the text of my Appellant Briefing by reference.

**Conclusion**

In conclusion, Defendant relies on issues raised for the first time on appeal, which are fallacious anyway, and which straw man my appellant briefing. They rely on issues (which were themselves improprerly raised in the district court) which I have already quelled, using logic and a plethora of case law (particularly on the issue of a lack of motion to vacate, an issue which Defendant breezes over with a simple sentence). Simply put, Defendant should not have had a leg to stand on in the District Court, and does not have a leg to stand on in the Appellate Court. The case should be reversed on all counts.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DAVID STEBBINS )
    Appellant )
VS. )
RANDALL RICHARDSON & ) Case No. 11-3639
RELIABLE HEAT & AIR, LLC )
    Appellees )
_____)

### CERTIFICATE OF SERVICE

I, *pro se* Appellant David Stebbins, hereby certify that a true and correct copy of my Reply Briefing was served on Appellees by allowing their counsel to view the document on ECF, which is allowed under Local Rule 25(d).

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com